**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

GEORGE R. SWANTON,
               Plaintiff,

v.                                      No. 08-CV-1187
                                                    (NAM/DRH)

LARRY HAGAN, S.H.T.A. 7 a.m.-3 p.m.
shift, Central New York Psychiatric Center;
CINDY LAW, Medical Doctor, Central New York
Psychiatric Center; and DONALD SAWYER,
Executive Director, Central New York
Psychiatric Center,
               Defendants.[1]

---

**APPEARANCES:**                              **OF COUNSEL:**

GEORGE R. SWANTON
Plaintiff Pro Se
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821

HON. ANDREW M. CUOMO              CHRISTOPHER W. HALL, ESQ.
Attorney General for the                  Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se George Swanton ("Swanton"), an inmate in the custody of the New York

---

[1] Three other defendants were terminated from the action on January 5, 2009 as they were omitted from the amended complaint. See Dkt. No. 10; First Dkt. Entry dated Jan. 5, 2009.

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, three employees of the Central New York Psychiatric Center ("CNYPC"), violated his constitutional rights under the Eighth Amendment. Am. Compl. (Dkt. No. 7). Presently pending is the motion of defendants Law and Sawyer[3] to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 30. Swanton opposes the motion. Dkt. Nos. 33.[4] For the following reasons, it is recommended that defendants' motion be granted in part and denied in part. It is further recommended that the amended complaint be dismissed without prejudice as to defendant Hagan.

## I. Background

The facts are related herein in the light most favorable to Swanton as the non-moving party. See subsection II(A) infra.

On February 13, 2008, Swanton experienced a psychotic episode and wrenched a clock from a wall at CNYPC. Am. Compl. IV(1). In response to Swanton's outburst, defendant Hagan restrained Swanton by throwing him into a chair in the seclusion room. Id. IV(2)-(3). In the process, Swanton injured his left shoulder. Id. IV(4). Defendant Law, a physician, assessed Swanton's injury and diagnosed him with a pulled muscle in his shoulder. Id. IV(4). Swanton underwent forty-five days of physical therapy and took pain medication, and then underwent a second round of physical therapy and pain treatment nine months later

---

[3] Defendant Larry Hagan has not been served with process or otherwise appeared in the action. See section III infra.

[4] Swanton filed a supplemental response which has also been considered. See Dkt. No. 38.

for unresolved symptoms. Id. IV(5). Swanton filed a complaint with CNYPC concerning the alleged use of excessive force and an internal investigation ensued. Id. IV(8). This action followed.

## II.  Discussion

In his amended complaint, Swanton alleges that his Eighth Amendment rights were violated when he (1) was subjected to excessive force during the restraint by Hagan and (2) received inadequate medical care for his injured shoulder. Law and Sawyer move to dismiss on the grounds that (1) Sawyer was not personally involved, (2) Swanton failed to allege a serious medical need, and (3) Law was not deliberately indifferent in her treatment of Swanton.

### A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, a complaint containing conclusory allegations without factual support fails to meet even the liberal standard of Rule 12(b)(6). De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996). Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of N.Y., 186

F.3d 243, 247 (2d Cir. 1999).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they 'suggest. . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).

### B. Personal Involvement

Defendants contend that Swanton, the CNYPC Executive Director, has failed to establish the personal involvement of Sawyer.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may

4

be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

A position in a hierarchical chain of command, without more, is insufficient to support a showing of personal involvement. Wright, 21 F.3d at 501. Thus, Sawyer cannot be held liable solely because he held a supervisory position at CNYPC. There also have been no contentions that Sawyer was directly involved in either of the alleged Eighth Amendment violations. Sawyer's alleged personal involvement stems from his receipt of Swanton's complaint against Hagan and the internal investigation which followed.

> It has been held that "an appropriate guiding principle" for determining personal responsibility is where a grievance alleges an "ongoing" constitutional violation, the supervisory official who reviews the grievance is "personally involved" if he is confronted with a situation that he can remedy directly. If the official is confronted with a violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to "remedy" a violation.

Harnett v. Barr, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) (internal citations omitted). In this case, Sawyer's only knowledge of any alleged constitutional violations Swanton

5

suffered occurred after the altercation and internal investigation. Swanton did not allege, nor does the record support an inference of, a continuous constitutional violation. The alleged altercation between Swanton and Hagan was an isolated and independent incident. Thus, knowledge of that "violation acquired that has already occurred and is not ongoing" is insufficient to allege the personal involvement of an official "for failing to remedy a violation." Id. Furthermore, there exists no allegation that Sawyer created an unconstitutional policy or custom or was grossly negligent in supervising his subordinates.[5]

Accordingly, the motion as to Sawyer on this ground should be granted.

### C. Eighth Amendment

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. CONST. amend. VIII. This prohibition extends to the provision of medical care. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). The test for a § 1983 claim is twofold. First, the prisoner must show that the condition to which he was exposed was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at

---

[5] Swanton claims that there was a history of "ongoing prior abuse" in the CNYPC. Dkt. No. 33 at 5. However, these claims are conclusory and do not identify abuse that pertained to Swanton or events in which Sawyer was involved or otherwise had knowledge. As such, this statement is insufficient to state a basis for personal involvement.

6

844.

"'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003)(quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). Because there is no distinct litmus test, a serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003)(citing Chance, 143 F.3d 698, 702 (2d Cir. 1998)). The severity of the denial of care should also be judged within the context of the surrounding facts and circumstances of the case. Smith, 316 F.3d at 185.

Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs." Chance, 143 F.3d at 702. Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate. Chance, 143 F.3d at 703. Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

In this case, Swanton claims to have suffered a more severe injury to his shoulder than the strained or pulled muscle diagnosed by Dr. Law. The injury was non-responsive during

7

forty-five days of pain medication and physical therapy. Swanton alleges that the condition continued to cause him excessive pain to the extent that another round of treatment was commenced nine months after the initial treatment ended. Am. Compl. IV(5). Construing the allegations in the light most favorable to Swanton, he has alleged facts sufficient to state a claim that his prolonged shoulder pain constituted a serious medical need. See Sereika v. Patel, 411 F. Supp. 2d 397, 406 (S.D.N.Y. 2006) (holding that allegations of "severe pain . . . [and] reduced mobility . . ." in the shoulder are sufficient to raise a material issue of fact as to a serious medical need).

As to Dr. Law's claim that, Swanton's allegations fail to establish deliberate indifference, the duration of the severe pain and condition alleged by Swanton and his complaints to Dr. Law which may be inferred from the amended complaint, if proven, would establish that Swanton suffered an injury which was misdiagnosed causing pain over a substantial p[eriod of time which was ignored by Dr. Law. It may appear that Swanton cannot prove that his injury was misdiagnosed by Dr. Law or that Dr. Law deliberately ignored his complaints of severe pain. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (holding that a district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims"); Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (same). However, at this stage, the standard of review requires that Swanton's allegations be credited even in the absence of any proof. So viewed, such allegations suffice to survive the motion to dismiss.

Accordingly, the motion as to Dr. Lee should be denied.

### III. Hagan

A summons for service of process upon Hagan was issued on January 5, 2009. Dkt. No. 12. Swanton was granted in forma pauperis status, Dkt. No. 5, and the United States Marshals Service attempted service upon Hagan at CNYPC, the address provided by Swanton. However, CNYPC advised the Marshals Service on February 12, 2009 that no one by the name of "Larry Hagan" had ever been employed at CNYPC. Dkt No. 16. The summons was returned unexecuted. Id. Swanton has never provided the Marshals Service with any other name or address for Hagan and Hagan has not otherwise appeared in this action.

Fed. R. Civ. P. 4(m) requires that a complaint be served upon a defendant within 120 days after the complaint is filed or the complaint may be dismissed as to any unserved defendant without prejudice. See also N.D.N.Y.L.R. 4.1(b). The amended complaint here was filed on December 19, 2008 (Dkt. No. 7). More than 120 days have passed since either the amended complaint was filed or the summons for Hagan was issued. Accordingly, it is recommended that the amended complaint be dismissed as to Hagan without prejudice pursuant to Rule 4(m) and Local Rule 4.1(b).

### IV. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that:

1. The motion to dismiss by Dr. Lee and Sawyer (Dkt. No. 30) be:

   A.   **GRANTED** as to Sawyer and the amended complaint be **DISMISSED** as to him in all respects; and

    B.  **DENIED** as to Dr. Lee; and

2. The amended complaint be **DISMISSED** without prejudice as to Hagan pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  November 16, 2009
          Albany, New York

*David R. Homer*
United States Magistrate Judge