UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**GEORGE R. SWANTON,**

                      **Plaintiff,**

                      **-v-**                                    **9:08-CV-1187**
                                                         **(NAM/DRH)**

**LARRY HAGAN, S.H.T.A. 7 a.m.-3 p.m. shift,
Central New York Psychiatric Center; CINDY LAW,
Medical Doctor, Central New York Psychiatric Center;
and DONALD SAWYER, Executive Director, Central
New York Psychiatric Center,**

                      **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

GEORGE R. SWANTON
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821
Plaintiff *Pro Se*

HON. ANDREW M. CUOMO, Attorney General for the State of New York
CHRISTOPHER W. HALL, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff, an inmate in the custody of the New York State Department of Correctional

Services ("DOCS"), brought this *pro se* action for monetary relief under 42 U.S.C. § 1983.

Defendant Larry Hagan ("Hagan") has not been served. Defendants Cindy Law, M.D. ("Dr.

Law") and Donald Sawyer ("Sawyer"), Executive Director of Central New York Psychiatric

Center ("CNYPC") move (Dkt. No. 30) to dismiss the complaint.

In a Report and Recommendation (Dkt. No. 39), United States Magistrate Judge David R. Homer recommends that the motion to dismiss be denied as to Dr. Law and granted as to Sawyer. He further recommends that the claim against Hagan be dismissed without prejudice for failure to serve. Fed. R. Civ. P. 4(m). Plaintiff and defendants have filed partial objections (Dkt. Nos. 40, 41), and plaintiff has responded to defendants' objection (Dkt. No. 42). As explained below, the Court accepts the Report and Recommendation except insofar as it recommends dismissal of the claim against Hagan.

## II.   BACKGROUND

The amended complaint (Dkt. No. 7), filed December 19, 2008, alleges that in February 2008, while incarcerated at CNYPC, plaintiff experienced a psychotic episode; that Hagan, a CNYPC employee, restrained him by throwing him into a chair; and that plaintiff's left shoulder was injured. The amended complaint further alleges that Dr. Law assessed plaintiff's shoulder injury and diagnosed a "pulled muscle"; that plaintiff underwent 45 days of physical therapy and took pain medication; that nine months later plaintiff underwent a second round of physical therapy and pain medication; and that he is still undergoing physical therapy and taking pain medication. Plaintiff asserts Eighth Amendment claims, contending that Hagan subjected him to excessive force in restraining him; that Sawyer as director was personally involved because he knew or should have known of the incident; and that Dr. Law provided inadequate medical care.

Defendants moved (Dkt. No. 30) to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge David R. Homer issued a Report and Recommendation recommending that the

dismissal motion be granted as to Sawyer and denied as to Dr. Law.  Magistrate Judge Homer further recommends that the amended complaint be dismissed without prejudice as to Hagan under Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b) for failure to serve Hagan with process.

Defendants object to so much of the Report and Recommendation as recommends that this Court deny dismissal of the claim against Dr. Law.  Plaintiff objects to the recommendation to dismiss as against Sawyer and Hagan.  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of the Report and Recommendation to which a party specifically objects.

**III.    DISCUSSION**

The Court agrees with the recommendation to grant the motion to dismiss as to defendant Sawyer and deny dismissal as to defendant Dr. Law.  The Court does not, however, agree with the recommendation to dismiss the claim against Hagan; rather, the Court extends the time for plaintiff to serve this defendant.  In the initial complaint, filed on November 6, 2008, plaintiff named the employee who allegedly injured him as "John Doe."  On December 19, 2008, plaintiff filed the amended complaint (Dkt. No. 7) naming this employee as Larry Hagan.  On December 30, 2008, less than two months after filing the initial complaint, plaintiff filed interrogatories (Dkt. No. 11) asking defendants to identify the employees who were on duty at the time and place of the alleged incident.  It appears that defendants did not respond.  On February 19, 2009, the summons against Hagan was returned unexecuted (Dkt. No. 16), accompanied by a letter from CNYPC stating: "Please be advised ... that CNYPC has no record of either a current or a former employee" named Larry Hagan.

Plaintiff then sent a letter to Magistrate Judge Homer dated February 25, 2009 (Dkt. No. 21) requesting permission to file interrogatories and stating:

-3-

> I am writing to you at this time praying for relief for permission to file Interrogatories so as to ascertain the main defendant in my action regarding his last name. I know for a fact that the first name of this individual whom I incorrectly named as ... Larry Hagan is correct on his first name. Furthermore, as I had stated within my complaint there was an Internal Investigation into this Incident, and I know for a fact that if your Honor would please allow me permission to file Interrogatories on the defendant I will then be able to identify the original John Doe as to defendant number one in my Amended Complaint. ... So I would respectfully request that the court grant me permission to file my Interrogatories so as to discover the real last name of this main defendant.

Plaintiff wrote another letter dated February 26, 2009 (Dkt. No. 23) giving more information about the employee, including a physical description. On March 3, 2009, Magistrate Judge Homer stated in a text order: "Plaintiff is granted permission to serve reasonable interrogatories on defendants in an effort to ascertain the name of the defendant." On the same date, plaintiff filed an affirmation of service of interrogatories (Dkt. No. 26).

On March 18, 2009, plaintiff requested Magistrate Judge Homer's assistance by letter motion (Dkt. No. 29) stating:

> I am in receipt of a letter dated: March 11, 2009 from Assistant Attorney General Mr. Christopher W. Hall Esq., Attorney for the defendants in this case. According to Mr. Hall in his letter to me he has stated that I have prematurely sent him my Interrogatories but in fact I have sent them in accordance with your order dated: March 3, 2009. In an effort to ascertain the true identity of the main defendant in this case. Furthermore, Mr. Hall is refusing to comply with your order as he stated in his letter to me that the defendants object and will not do so now or within the reasonable 30 day request I have asked for within my Interrogatories.... Plaintiff respectfully asks that the court so advise these defendants to answer said Interrogatories within the requested 30 day time limit.

On March 30, 2009, Magistrate Judge Homer entered a text order regarding plaintiff's March 18, 2009 letter motion as follows: "Plaintiff's letter motion is DENIED WITHOUT PREJUDICE to renewal after the issuance of a scheduling order by the court which will occur at a date after

-4-

defendants have filed an answer to the complaint." Two days later, defendants made this motion to dismiss as against Sawyer and Dr. Law (Dkt. No. 30); defendants have not answered the amended complaint, nor has a scheduling order been issued.

>Rule 4(m) of the Federal Rules of Civil Procedure provides in part:

>> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court notes that plaintiff was not given notice on this motion that his claim against Hagan was subject to dismissal; defendants' motion seeks to dismiss only the claims against Sawyer and Dr. Law. In any event, the record clearly establishes good cause for plaintiff's failure to serve Hagan. Plaintiff has made numerous efforts to ascertain the correct identity of this defendant (see Dkt. Nos. 11, 21, 23, 26, 29). Plaintiff made his first attempt (Dkt. No. 11) less than two months after he filed the initial complaint, and he made regular attempts thereafter until his letter-motion requesting court assistance (Dkt. No. 29) was denied without prejudice to renewal after an event that has not yet transpired (*i.e.*, the issuance of a scheduling order). As a result, despite his persistent efforts, plaintiff has had no discovery regarding this defendant's identity. The Court notes also that this claim is not time-barred and that CNYPC has had knowledge of plaintiff's claim against this employee since the initial complaint.

Having found good cause for plaintiff's failure to serve this defendant, the Court extends the time to do so. The Court refers the matter back to Magistrate Judge Homer to oversee discovery on this issue, the substitution of a new defendant for Hagan if warranted, and service of process on the new defendant within a reasonable time.

**IV.   CONCLUSION**

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 39) is rejected insofar as it recommends dismissal as against defendant "Larry Hagan" and is otherwise accepted; and it is further

ORDERED that defendants' motion (Dkt. No. 30) to dismiss the complaint is granted to the extent of dismissing the claim against Donald Sawyer and otherwise denied; and it is further

ORDERED that the time for plaintiff to serve defendant "Larry Hagan" is extended in accordance with the decision herein.

IT IS SO ORDERED.

January 19, 2010
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge